IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | 3:CR-06-052-05 |
| | : | (JUDGE VANASKIE) |
| ANGEL DELGADO | : | |

MEMORANDUM AND ORDER

On September 12, 2006, Angel Delgado pled guilty to aiding and abetting in the distribution and possession with intent to distribute cocaine, heroin, and five (5) grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On July 26, 2007, he was sentenced to fifty-four (54) months imprisonment followed by a four-year period of supervised release. (Judgment, Dkt. Entry 422, at 2-3.) Mr. Delgado did not appeal his sentence.

On September 5, 2008, Mr. Delgado filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. Entry 493.) This Court entered an Order on September 9, 2008, advising Mr. Delgado that his § 2255 Motion appeared to be time-barred by the one-year statute of limitations applicable to such motions. (Dkt. Entry 494, at 1-2.) Specifically, the Court observed that Mr. Delgado was sentenced on July 26, 2007, with the judgment and commitment order filed on July 31, 2007, (Dkt. Entry 422); that he did not appeal his sentence; and that his § 2255 Motion was received on September 5, 2008, with an envelope postmarked September 2, 2008, and a certificate from Mr. Delgado

indicating that he placed the Motion in the prison mail system for mailing on September 1, 2008.  (Dkt. Entry 493; Dkt. Entry 494, n.1.)  The Court afforded Mr. Delgado an opportunity to show cause as to why his Motion should not be dismissed as time-barred.[1]  (Dkt. Entry 494, at 2.)  Mr. Delgado did not file a response to that Order.[2]

     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220, amended § 2255 and imposed a one-year limitation period to file motions under that section.  As amended, § 2255 provides that the one-year limitation period shall run from the latest of four possible dates, only one of which is implicated by Mr. Delgado's Motion: "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Where a federal criminal defendant does not file a notice of appeal within ten days of the entry of the judgment to be appealed, see Fed. R. App. P. 4(b)(1)(A)(i), "his . . . conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

---

[1] A district court may act sua sponte upon finding a potential statute of limitations problem in a § 2255 proceeding, provided the moving party is given notice of the issue and an opportunity to respond.  See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc); United States v. Monroe, Nos. 3:CR-99-0239 & 3:CV-06-1295, 2006 WL 2927637, at *1 (M.D. Pa. Oct. 12, 2006).

[2] On October 9, 2008, Mr. Delgado sent a letter to the Court discussing his dissatisfaction with his counsel's representation regarding review of his sentence under the retroactive crack guidelines amendment, but the letter failed to mention or discuss his pending § 2255 Motion.

Here, judgment was entered on July 31, 2007. Delgado had until August 14, 2007, ten business days from the date of entry of the judgment, to file a notice of appeal, but did not so file. See Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a). Thus, his conviction became final on August 14, 2007. Mr. Delgado thereafter filed a § 2255 motion on September 1, 2008, over a year after his conviction became final.

In his Motion, Mr. Delgado argued that the running of the limitations period should be suspended because he was unaware of the statute of limitations. (Dkt. Entry 493, at 12.) He explains that he had sent the Public Defenders' Office a letter, dated June 25, 2008, but that it did not arrive until August 4, 2008. While he notes that the letter "was written before [his] statute of limitations was to expire," he does not explain why he did not file a motion with this Court. In a March 23, 2008, letter to the Court, Mr. Delgado questioned the Court regarding his sentencing range under the Federal Sentencing Guidelines and represented dissatisfaction with his attorney, stating that he would file a § 2255 motion for ineffective assistance of counsel, but did not take action for more than five months.

It is thus clear that, unless the running of the limitations period was tolled, Delgado's motion is time-barred. Our Court of Appeals has indicated that equitable tolling may be appropriate in three circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely

asserted his or her rights mistakenly in the wrong forum.'" New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125-26 (3d Cir. 1997) (quoting Oshiver v. Levin, Fishbein & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).  Mr. Delgado has not asserted that he was actively misled and there is no evidence that he improperly filed his petition.  Thus, to be entitled to relief, Mr. Delgado must have asserted that he was prevented from asserting his rights in some extraordinary way.  "A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstances stood in his way.'" McAleese v. Brennan, 483 F.3d 206, 219 (3d Cir. 2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005)). The statute of limitations should be tolled sparingly, in the rare situations where "'equitable tolling is demanded by sound legal principles as well as the interests of justice.'" Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).

     Mr. Delgado's lack of knowledge of the statute of limitations does not provide a basis for equitable tolling of the limitations period.  As recently stated in United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008), "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."  This Court agrees and finds that Delgado's "lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling." Rodriquez v. Thomas, 07-1097, 2007 WL 5041872, at *7 (E.D. Pa. Dec. 10, 2007); see, e.g., Sch. Dist.

of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling."); United States v. Clive, No. 05-383, 2008 WL 3889726, at *6 (W.D. Pa. Aug. 19, 2008) ("A petitioner's pro se status and ignorance of the law do not merit the tolling of the statute of limitations."); United States v. Maldanado, Nos. Crim. 94-251-2 Civ. 97-4088, 1997 WL 360932 at *3 (E.D. Pa. June 26, 1997) ("That the defendant is not knowledgeable in the law is no excuse for failing to abide by the limitation period . . . ."); Calderon v. Hogan, No. 06-1012, 2007 WL 1740273, at *5 (E.D. Pa. June 14, 2007) (A habeas petitioner's "lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling.); Fadayiro v. United States, 30 F. Supp. 2d 772, 781 (D.N.J. 1998) ("Ignorance of the law does not justify equitable tolling of statute of limitations. This rule of law has been applied to habeas petitioners who proffer ignorance of the limitations period established by the AEDPA as grounds for equitable tolling." (citations omitted)).

   The Court afforded Mr. Delgado an opportunity to show cause why his Motion should not be dismissed as time-barred, an opportunity he could have seized by elaborating on his circumstances, explaining why equitable tolling was warranted. Mr. Delgado filed nothing in response to this Court's September 9, 2008 Order. Thus, as Mr. Delgado failed to respond to this Court's September 9, 2008 Order, and has failed to explain why his Motion is not time-barred under 28 U.S.C. § 2255(f)(1), the Motion will be dismissed.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. Entry 493) is DISMISSED.

2. There is no basis for the issuance of a certificate of appealability.

3. The Clerk of Court shall mark this action and the related civil action (No. 3:CV-08-01654) CLOSED.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge